**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 16 2015

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-34168 |
| | ) | |
| Paige G. Teets, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

This case is before the court on the Chapter 13 Trustee's Motion to Dismiss [Doc. # 29] ("Motion") and Debtor's opposition [Doc. # 32 ]. The court held a hearing on the Motion at which the Chapter 13 Trustee, Debtor and Attorney for Debtor appeared in person.

The basis for the Motion is § 109(g)(2) of the Bankruptcy Code. 11 U.S.C. § 109(g)(2). Under § 109(g), a Debtor is not eligible to be a debtor in a bankruptcy case filed less than 180 days "following" the voluntary dismissal by the Debtor of a prior case.[1] Debtor was also a debtor in previous Chapter 13 case 13-

---

[1] Section 109(g)(2) states that "no individual...may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if– ...(2) the debtor requested and obtained dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this tile." 11 U. S. C. § 109(g).

30799 filed in this court ("prior case").[2] Debtor filed the prior case on March 5, 2013. Debtor voluntarily requested and obtained dismissal of the prior case. The court entered its dismissal order on July 22, 2014. Debtor filed this Chapter 13 case on November 17, 2014, which is 118 days after July 22, 2014, and, obviously, less than 180 days after voluntary dismissal of the prior case.

In between filing and Debtor's voluntary dismissal of the prior case, Henry County Bank filed a motion for relief from the automatic stay on April 23, 2013. Henry Country Bank's motion asked the court to terminate the automatic stay so it could resume its foreclosure proceedings on Debtor's home, having obtained a judgment entry of foreclosure in the Lucas County, Ohio, Court of Common Pleas on December 14, 2012, directing a sheriff's sale of the property. The court granted the motion in the prior case on May 24, 2013, but the relief imposed by the court, over Henry Country Bank's objection, was instead conditioning of further imposition of the automatic stay requiring Debtor to, among other conditions, keep her home insured, make timely plan payments and timely pay all real estate taxes coming due during the case. [Chapter 13 Case No., 13-30799, Doc. # 30]. In this case, Henry County Bank filed another motion for relief from stay and an Ex Parte Motion for Expedited Hearing on Movant's Motion for Relief from Stay and for Abandonment, as well as an objection to Debtor's proposed plan. Debtor's November 17, 2014, filing of this case beat by just two days the sheriff's sale of Debtor's home rescheduled for November 19, 2014.

The elements for an involuntary § 109(g)(2) dismissal of this case as requested by the Trustee are all present: (1) present case filed less than 180 days after dismissal of the prior case; (2) prior case voluntarily dismissed at the request of the debtor; and (3) voluntary dismissal of the prior case followed the filing of a motion for relief from the automatic stay. Nevertheless, Debtor makes three arguments in opposition to the Motion that merit further analysis.

First, Debtor argues that the word "following" in § 109(g)(2) shows that Congress intended there

---

[2]The court takes judicial notice of the contents of its case dockets and records. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it). In addition to the prior case, Debtor was also a debtor in four other cases in this court: Chapter 7 case 03-39206, in which Debtor received a discharge; Chapter 13 case 07-34593, filed on October 22, 2007, and involuntarily dismissed for failure to make plan payments on December 12, 2008; Chapter 13 case 09-30842, filed on February 20, 2009, and involuntarily dismissed on July 13, 2010, on trustee's affidavit for failure to make plan payments based on an agreed order with Debtor resolving a motion to dismiss; and Chapter 7 case 12-31233, filed on October 22, 2007, in which Debtor received a discharge.

to be a causal connection between the motion for relief from the automatic stay and the dismissal of the prior case. If it did not intend such a connection, Debtor argues, Congress would have used the more straightforward word "after." Debtor asserts that the 15 month time period between the filing of the motion for relief from stay on April 23, 2013, and the July 22, 2014, voluntary dismissal of the prior case negates that the two actions are causally related. This argument finds support in the Collier on Bankruptcy treatise and in non-binding case law from other courts, *see*, *e.g.*, *In re Beal*, 347 B.R. 87 (E.D. Wis. 2006).

A common dictionary definition of "following" is "being next in order of time." merriam-webster.com Dictionary. But the same common dictionary definition of "after" is "following in time or place." merriam-webster.com Dictionary. The court thus finds the use of the word "following" instead of "after" in § 109(g)(2) to be a distinction without a difference.

Moreover, Debtor's argument proves too much. The logical extension of Debtor's argument based on the word "following" would be that, for § 109(g)(2) to apply, the next docket action after the filing of the motion for relief from stay would have to be the debtor's request for voluntary dismissal. And if not the next, must it be the second, third, fourth or fifth docket action? Debtor's detour from the statutory focus on timing to cause essentially necessitates a full evidentiary hearing on the motion to dismiss every successor case to determine whether the voluntary dismissal was causally related to the filing of a prior request for relief from the automatic stay. The issue would turn into an inquiry akin to "cause" in, say, employment discrimination cases. Must the filing of the request for relief from the automatic stay be the "only" cause or the "but for" cause or just "a" cause of the voluntary dismissal in order for § 109(g)(2) to apply?

There can be many reasons for the fact and timing of voluntary dismissal of a Chapter 13 case, maybe more than one at a time. Whether the voluntary dismissal of the prior case is causally related to the filing of a motion for relief from the automatic stay or not, the timing clarity and emphasis of the statute cuts through the interpretive fog to provide clear guidance for debtors, creditors, trustees and courts in the re-filing of a case. If Congress intended the focus of the statute to be on cause instead of timing, the statute would make a debtor ineligible for relief in another case filed within 180 days if the debtor requested and obtained dismissal of a prior case "as a result of" or "because of" the filing of a request for relief from the automatic stay. Instead Congress has effectively established in § 109(g)(2) its statutory irrebuttable presumption of causation, albeit perhaps an imperfect one, by focusing on the relative clarity of timing rules.

The court is not persuaded by the reasoning of cases to the contrary. This court's interpretation and

3

14-34168-maw    Doc 38    FILED 03/16/15    ENTERED 03/16/15 16:59:41    Page 3 of 5

application of § 109(g)(2) in this case also finds at least very persuasive support in a decision of the Sixth Circuit Bankruptcy Appellate Panel, holding that bankruptcy courts lack discretion to ignore the plain statutory language of § 109(g)(2) to focus on causation of a voluntary dismissal following a request for relief from the automatic stay. *Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson)*, 209 B.R. 76(6th Cir. B.A.P. 1997).

Second, Debtor argues that the court's order deciding the Henry County Bank's motion for relief from the automatic stay in the prior case resolved the motion and merged it into the order. Thus, Debtor argues, there is no motion for relief from stay and that element of § 109(g)(2) has not been met in this case. The court rejects this argument because it adds another element to the statute that Congress did not: that the prior motion for relief from stay be unresolved. Congress uses the word "filing" of a request for relief from the automatic stay in the prior case to describe the relevant statutory act. Determination of the creditor's request does not eradicate the act of its filing. Given the timing requirements for handling motions for relief from stay imposed by § 362(e), 11 U.S.C. § 362(e), Debtor's interpretation imposes another statutory timing requirement between the filing of the request for relief from stay and the voluntary dismissal that Congress did not add to § 109(g)(2).

To the extent Debtor's second argument is premised on policy reasoning that a voluntary dismissal following the filing of a motion for relief from stay that was resolved by court order does not impose a burden from serial filings on the rights of secured creditors, which is the abuse § 109(g)(2) is designed to curb, *Matter of Patton*, 49 B.R. 587, 589 (Bankr, M.D. Ga. 1985), that analysis does not stand up to the facts of this case. Here, the burdens on Debtor imposed by the court's order conditioning imposition of the stay in the prior case subsisted at the time of Debtor's voluntary dismissal. This succeeding case was filed two days before the rescheduled sheriff's sale on Debtor's home. Henry County Bank filed another motion for relief from stay in this case, after going to the expense of rescheduling, following the voluntary dismissal of the prior case, of the sheriff's sale on the judgment entry of foreclosure from 2012, which was three bankruptcy cases ago. Indeed it sought an emergency *ex parte* hearing on its motion for relief from the automatic stay in this case, which the court denied.

Third, Debtor argues that dismissal of the prior case was "without prejudice," thus meaning in her view that she was eligible to file another case any time. The court order dismissing the prior case states that it is "without prejudice." Debtor is correct that the dismissal order itself imposes no prohibition on filing another case following dismissal of the prior case. But this argument fails under the express statutory

4

language of both §§ 349(a), 11 U.S.C. § 349(a), and 109(g)(2).

Section 349 governs the effect of dismissal of bankruptcy cases, stating in pertinent part that "nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, *except as provided in section 109(g) of this title*." 11 U.S.C. § 349(a)(emphasis added). Section 349(a) expressly preserves the § 109(g)(2) limitation on filing of a succeeding case. That the court used the words "without prejudice" in its order dismissing the prior case does not change or enlarge the effect of § 349(a), which further qualifies at its very beginning that its provisions govern "unless the court orders otherwise." The court did not "order otherwise" in its order dismissing the prior case just by use of the language "without prejudice." That language simply mirrors § 349(a). A "without prejudice" dismissal order does nothing to address the timing of any refiling where there was a motion for relief from stay filed in the prior case, which is independently governed by § 109(g)(2). Otherwise, a court would be required to render an unripe advisory opinion on every dismissal, regardless of whether there would be another case. The court is required by basic constitutional principals to avoid rendering advisory opinions.

Based on the foregoing reasons and authorities, the court will grant the Chapter 13 Trustee's Motion to Dismiss [Doc. # 29]. A separate order of dismissal will be entered by the court in accordance with this Memorandum of Decision.

###

5